Dear Mr. Moresi:
This office is in receipt of your request for an opinion submitted on behalf of the Vermillion Parish Police Jury regarding its rights and obligations with respect to water pumps that are being utilized to assist in drainage of low lying areas. Your inquiries, as listed in your request, shall serve as the organizational scheme for this response.
First, you asked whether the Police Jury may remove the water pumps without incurring liability for damages in the event that there are any resulting losses from flooding of the areas serviced by the pumps. This office can find no express statutory authority that provides guidance with respect to the foregoing inquiry. It appears that the determination of liability would be fact sensitive. Thus, it is this office's opinion that any issues of liability arising from the removal of the water pumps in question must be resolved in the courts of law. It necessarily follows that we examine Louisiana jurisprudence to ascertain how the courts determine the liability of public entities making such decisions (i.e., the decision to remove water pumps).
Your second question is whether the decision to remove the water pumps falls within the ambit of the provisions of La.R.S.9:2798.1, which provides immunity to governmental bodies for policy making or discretionary acts. Particularly, La.R.S.9:2798.1(B) provides that:
 liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
La.R.S. 9:2798.1(C)(1) provides, in pertinent part, that in order for the provisions of La.R.S. 9:2798.1(B) to apply, the acts and/or omissions must be reasonably related to a legitimate governmental objective for which the policymaking or discretionary power exists.
La.R.S. 9:2798.1 immunizes public bodies from liability for policy-based decisions. Rick v. State, Department ofTransportation and Development, 630 So.2d 1271. Immunity from liability for discretionary acts is essentially the same as the immunity conferred on the federal government by the exception in the Federal Tort Claims Act (FTCA). Christian v. Fontenot,672 So.2d 436 (La.App. 2 Cir. 4/8/96). In Berkovitz v. United States,
486 U.S. 531;108 S.Ct. 1954, the United States Supreme Court developed the following two-step analysis to examine immunity under FTCA: (1) whether a statute, regulation, or policy specifically prescribes a course of action; and (2) whether the challenged action is grounded in political, economic, or social policy. The Louisiana Supreme Court has adopted the Berkovitz test to analyze the applicability of LSA-R.S. 9:2798.1. The application of this two-pronged inquiry was explained in Fowler v.Roberts, 556 So.2d at 15, as follows: discretion exists only when a policy judgment has been made. Judicial interference in executive actions involving public policy is restrained by the exception.
Thus, the exception protects the government from liability only at the policy making or ministerial level, not at the operational level. Moreover, whether the choice made by a governmental entity is a policy-making decision as contemplated by the discretionary immunity statute is a question of fact. Williams v. City ofMonroe, 658 So.2d 820 (La.App. 2 Cir. 7/3/95).
We have examined the jurisprudence for the purposes of providing examples of the distinction made between policy — making/ministerial level decisions and those made at the operational level. In Williams, the court determined that the discretionary immunity statute did not apply where the Department of Transportation and Development (DOTD) decided to reconstruct a bridge at standards below those set forth within regulations promulgated by the American Association of State Highway and Transportation Officials (ASSHTO). The DOTD asserted that its decision was based on public policy considerations consistent of the desire to avoid head on collisions on the bridge or a collision on the center span itself. However, the court said that the decision was operational and that there were reasonable alternatives for the design of the bridge and, ultimately, there was no justification for deviating from the standards set forth by the ASSHTO. In Boguille v. Chambers, 685 So.2d 582 (La.App. 4Cir. 12/11/96), the Dock Board passed a "No Fishing" ordinance and decided to set its territorial limits to 225 feet north of the dolphins. The plaintiffs/appellants, on behalf on the decedent, argued that the Dock Board was responsible because it failed to extend the "No Fishing" ordinance the length of the 1.5 mile historically recognized channel. The court reasoned that the failure of the Dock Board to enforce the ordinance was operational, but nevertheless, meaningless such that the decedent was outside its territorial limits. The court then turned upon the question of whether the Board's decision to set territorial limits was a policy decision. When the ordinance was passed, the Board had numerous options as
to its effective limits and was authorized by statute to use its discretion in the regulation of commerce and navigation in the Industrial Canal. Based on the foregoing, the court concluded that such was a policy decision and did fall within the ambit of the provisions of La.R.S. 9:2798.1. It necessarily follows that we advise you that the courts have also held that decisions made at the operational level can be discretionary if based on policy. There is a presumption that when government employees exercise discretion given to them by statute or regulation, they are doing so based on the same policy concerns that animate the controlling statute or regulation itself. See U.S. v. Gaubert, 499 U.S. 315,111 S.Ct. 1267; State v. Public Investors, Inc., 35 F.3d 216; Rick v. State, DOTD, 630 So.2d 1271.
Given the fact-sensitive nature of your inquiry, it appears that a court must determine whether the government action is a matter of choice (i.e., a selection among alternatives). If it is not (because some statute, regulation, or policy prescribes a specific course of action to follow), then the exception does not apply, and there is no immunity. On the other hand, if the action does involve an element of choice or discretion, then the court must determine whether that discretion is the kind which is shielded by the exception, that is, one grounded in social, economic, or political policy. Only those actions based on public policy are protected by the statute. Archon v. Union Pacific Railroad,657 So.2d 987. If the discretionary immunity function applies, the defendants are shielded from negligence liability. Christian v.Fontenot, 672 So.2d at 444.
I trust that this adequately responds to your inquiries. If you have any questions and/or additional information becomes necessary, please advise.
Sincerely,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________ CHARLES F. PERRY ASSISTANT ATTORNEY GENERAL
CCF, Jr./CFP/tp